UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAYMOND SALIS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-2811** |
| | * | |
| **L&M BOTRUC RENTAL, INC.** | * | **SECTION "L"(4)** |

## ORDER & REASONS

Before the Court is Defendant L&M Botruc Rental, Inc.'s Motion for Summary Judgment dismissing Plaintiff Raymond Salis' claim for maintenance and cure (Rec. Doc. Nos. 21, 28). For the following reasons, the Defendants's Motion is GRANTED.

## I. BACKGROUND

This case arises out of damages sustained by Plaintiff Raymond Salis while employed aboard a vessel. Plaintiff was employed on the M/V BOTRUC 19 as a Jones Act seaman in the capacity of deckhand. Defendant L&M Botruc Rental, Inc. owned, operated and controlled the M/V BOTRUC 19 at the time of Plaintiff's injuries. Plaintiff's first injury occurred some time around March 20-26, 2008, when he claims that he injured his neck and upper back carrying a box containing water jugs from the cooler on the rear deck of the vessel to the galley. After this injury, Plaintiff did not cease working. Subsequently, in July 2008, Plaintiff alleges that he further aggravated his previous injuries when transporting boxes of groceries from the shore to the vessel. After this injury, Plaintiff was transported from the vessel to see Dr. Blanchard, but because Plaintiff would not undergo the Coast Guard's mandatory drug test, he was not examined or treated by the doctor. Plaintiff again refused to take a drug test and thus was not treated by Dr. Blanchard on a second occasion.

On August 8, 2008, Plaintiff saw Dr. Ann Carr. At this appointment, Dr. Carr recommended conservative treatment, including physical therapy and medication, but noted that if such failed, Plaintiff was a candidate for cervical disk replacement surgery. Plaintiff followed up with Dr. Carr on September 19, 2008, during which time Dr. Carr cleared him for work release. However, Dr. Carr recommended a follow up appointment in 12 weeks, and noted again that Plaintiff was a candidate for cervical disk replacement if conservative therapy fails. Plaintiff next returned to Dr. Carr on November 4, 2008, when Dr. Carr again recommended the same treatment methods as before. Finally, at his last appointment with Dr. Carr on February 17, 2009, Plaintiff's treatment plan again included surgery if the conservative treatment failed.

On September 26, 2008, Plaintiff returned to his regular duty on the M/V BOTRUC 19 until his seaman's license was suspended on November 5, 2009, by the U.S. Coast Guard for failure to take a drug test. Plaintiff then began working at Lindy's Chicken, a restaurant owned by his father. Plaintiff received maintenance and cure payments until his return to work in September.

Plaintiffs contends that his injuries are the result of the negligence of Defendant in failing to provide a safe work environment, train and supervise the plaintiff, and provide a seaworthy vessel. Plaintiff sought special and general damages including pain and suffering, lost wages, and medical expenses and alleges he is unfit to return to duty as a seaman and is entitled to maintenance and cure. Defendant denied any liability.

Defendant filed a Motion for Summary Judgment (Rec. Doc. No. 21). The Court held a hearing on oral argument and granted the Motion with regard to Plaintiff's negligence claims (Rec. Doc. No. 26). However, with regard to Plaintiff's maintenance and cure claims, the Court did not render a decision and instead set a subsequent hearing on this issue and directed the

parties to provide further briefing. The Court heard the parties' respective arguments on Defendant's Motion for Summary Judgment as it pertains to the maintenance and cure claims on February 10, 2010.

## II.     PRESENT MOTION

Defendant filed a supplemental memorandum in support of its Motion for Summary Judgment on maintenance and cure (Rec. Doc. No. 28). Defendant contends that it has no additional maintenance and cure obligations to the Plaintiff. It claims that it paid all maintenance and cure for Plaintiff from the time that he received medical treatment for his injuries, until he returned to his regular active duty on September 26, 2008. It notes that Plaintiff's treating physician cleared Plaintiff for work release, and that the only reason Plaintiff is no longer working upon the Defendant's vessel is because Plaintiff's seamans license was revoked by the U.S. Coast Guard for failure to take a drug test. Additionally, on oral argument, conceding that Dr. Carr has designated Plaintiff as a surgical candidate, Defendant noted that Plaintiff has not yet undergone this surgery and has not been to Dr. Carr's office since February 17, 2009, but wants to be paid maintenance and cure while he decides whether to undergo the surgery. During this time period Plaintiff continues to work for his father.

Plaintiff also filed a Memorandum on Maintenance and Cure (Rec. Doc. No. 29). Plaintiff notes that Plaintiff saw Dr. Carr on August, 8, 2008, September 19, 2008, November 4, 2008, and February 17, 2009, and that at each of these appointments Dr. Carr designated Plaintiff as a candidate for cervical disk replacement surgery. Plaintiff claims that because this surgery is recommended, he has not yet reached maximum medical improvement and thus is entitled to further maintenance and cure from the Defendant as long as he continues to be a candidate for surgery and continues to think about having it. Plaintiff additionally notes that his employment

with his father's restaurant is not in his chosen occupation as a seaman, and thus provides further support to his claim for maintenance and cure.

**III.      Law & Analysis**

   **A.         Standard of Review**

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc).  Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact.  When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim.  *Id*.  If the moving party fails to carry this burden, his motion must be denied.  *Id*.  If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.  *Id*. at 322-23.  Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial.  *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.P. 56(e).  The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  There must be sufficient evidence favoring the non-moving party to support a verdict for

that party. *Anderson*, 477 U.S. at 249. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed.R.Civ.P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### B. Maintenance and Cure

Maintenance and cure is a right created under the general maritime law, first mentioned by Justice Story in 1823. *Harden v. Gordon*, 11 Fed.Cas. 480 (C.C.D.Me. 1823). Maintenance is the right of a seaman to food and lodging if he falls ill or becomes injured while in the service of the ship. *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527, 58 S.Ct. 651, 653, 82 L.Ed. 993 (1938), motion denied 59 S.Ct. 56 (1938). Cure is the right to necessary medical services. Thomas J. Schoenbaum, ADMIRALTY AND MARITIME LAW § 6-28. The obligation to pay maintenance and cure continues until the seaman is cured or, if there is a permanent impairment, until he reaches the point of maximum medical recovery. *Farrell v. United States*, 336 U.S. 511 (1949). The test for maximum medical recovery is "when it appears probable that further treatment will result in no betterment of the seaman's condition." *Pelotto v. L&N Towing, Co.*, 604 F.2d 396, 400 (5th Cir. 1979). The point of maximum cure is a medical determination, not a legal one. *Breese v. AWI, Inc.*, 823 F.2d 100, 104-05 (5th Cir. 1987).

In the present matter, Plaintiff's treating physician, Dr. Ann Carr, designated him "[c]lear for return to work" on September 19, 2008. Defendant paid Plaintiff all maintenance

and cure for Plaintiff while he received medical treatment until he returned to his regular active duty on September 26, 2008. Plaintiff does not contend the amount of these payments was deficient; accordingly, Defendant has satisfied its obligation of maintenance and cure by these payments.

However, Plaintiff does contend that Defendant owes additional maintenance and cure payments for the time period following September 26, 2008, up to and fore an indefinite time in the future. As support, Plaintiff first claims that he is prevented from returning to his chosen occupation because of his injury and has taken non-seaman's work out of necessity. With regard to Plaintiff's first claim, the jurisprudence is clear that re-employment outside of a seaman's chosen profession ordinarily may not terminate maintenance and cure. *See Vaughan v. Atkinson*, 369 U.S. 527 (1962)(reemployment as a taxi driver out of economic necessity does not terminate maintenance and cure); *Wood v. Diamond M Drilling Co.*, 691 F.2d 1165 (5th Cir. 1982)(seaman does not forfeit maintenance by obtaining other employment while undergoing cure). However, in the present matter, after Plaintiff was cleared for work release by his physician, he did return to his previous job with the Defendant, in his chosen profession as a seaman deckhand, and in his full capacity. The reason that Plaintiff is no longer working in this position is because his seaman's license was suspended on November 5, 2009, by the U.S. Coast Guard for failure to take a drug test, and not because he could not physically do the job. Accordingly, the Court finds that the Plaintiff's present situation, as an employee at his father's chicken restaurant, is analogous to the plaintiff's situation in *Dowdle v. Offshore Express, Inc.*, 809 F.2d 259 (5th Cir. 1987), in which the Fifth Circuit held that a seaman was not entitled to maintenance because he "was fit enough to work by his own choice in his accustomed trade." Similarly, Plaintiff is fit enough to work as a deckhand for the Defendant, but his own choice to

not take a drug test has prevented this employment.

Plaintiff's second claim is that Dr. Carr, although she cleared him for work release, has stated that Plaintiff is a surgical candidate for cervical disk replacement, and thus he has not reached maximum medical improvement. With regard to this claim, the jurisprudence provides that a seaman cannot recover maintenance and cure for days in which he, of his own volition, was not under medical treatment, even as an outpatient. *Pyles v. Am. Trading & Prod. Corp.*, 372 F.2d 611, 619 (5th Cir. 1967). Practically speaking, allowing Plaintiff to collect maintenance and cure payments indefinitely while he decides whether or not to pursue the surgery and while he could be working as a seaman but for his failure to take a drug test, is inconsistent with the purpose behind maintenance and cure which is to provide financial support to an injured seaman without means of support or hope of obtaining medical care in order to alleviate physical and financial hardship. *Id*. Accordingly, the Court finds that Plaintiff is not entitled to further maintenance and cure at this time. However, if the Plaintiff does ultimately undergo the surgery, he may at that time have a claim for maintenance and cure. As the jurisprudence recognizes, if a seaman receives future treatment of a curative nature, he may be able to recover in a new proceeding the amount expended for such treatment and for maintenance while receiving it. *See Farrell*, 336 U.S. at 519.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment as it pertains to Plaintiff's claim for maintenance and cure is DENIED.

New Orleans, Louisiana this 25th day of February 2010.

_____
UNITED STATES DISTRICT JUDGE